**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50207 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00145-DOC-1 |
| v. | |
| KARON DOMINIQUE BOWSER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 4, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District
Judge.[***]

Karon Dominque Bowser ("Bowser) was charged in a three count indictment

with:  (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371;

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

(2) armed bank robbery with forced accompaniment in violation of 18 U.S.C. § 2113(a), (d), (e); and (3) using or carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). There was evidence presented at trial showing that in the course of a bank robbery, Bowser forced individuals to remain in the bank, gather in a bathroom, and be bound with handcuffs, duct tape, and string. There was also evidence presented that he pointed a gun at those individuals. After a jury convicted Bowser on all three counts, the district judge imposed a sentence of 204 months imprisonment. The prison term consisted of 60 months on Count One and 120 months on Count Two to be served concurrently, and 84 months (seven years) on Count Three, to be served consecutively to the terms imposed on Counts One and Two.

The district judge imposed the sentence on Count Three pursuant to 18 § 924(c)(1)(A)(ii), which provides that:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for enhanced punishment if committed by the use of a deadly weapon or dangerous device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added). The seven year term of imprisonment must run consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(D)(ii).

On this appeal, Bowser argues that, because the sentence on Count 2—for forced accompaniment in the course of committing a bank robbery—subjected him to a mandatory minimum sentence of ten years, which was greater than the seven year mandatory minimum sentence on Count Three, the seven year sentence did not apply to him. More specifically, Bowser argues that the seven year mandatory minimum sentence imposed on Count Three, based on brandishing a firearm during and in relation to a crime of violence, could not be imposed because his conviction under that section was based on the same conduct establishing his guilt for forced accompaniment under § 2113(e).

In *Abbott v. United States*, 131 S. Ct. 18, 26 (2010), however, the Supreme Court rejected such a "transactional approach" to § 924(c)(1)(A)'s "except" clause. Instead, the relevant inquiry is whether another statute provides a greater minimum sentence for "the conduct § 924(c) proscribes, *i.e.*, possessing [or brandishing] a firearm in connection with a predicate crime." *Abbott*, 131 S. Ct. at 26, 30 n.8. Section 2113(e), the other statute on which Bowser relies, and which makes it an offense to, "force[] any person to accompany him without the consent of such person"

in the course of committing a robbery, is not dependent on a showing that the forced accompaniment involved a firearm.

Nor is there any merit to Bowser's claim that "[r]eview of the case law shows that the conduct that establishes the offense of forced accompaniment during a bank robbery is always through the use of a firearm." Notwithstanding the facts in the cases Bowser cites, they do not hold that a person must be shown to have possessed or used a firearm to be convicted of forced accompaniment. Indeed, the Supreme Court has held that the only statute that presently satisfies the § 924(c) "except" clause is 18 U.S.C. § 3559(c), which "command[s] a life sentence when certain repeat felons are convicted of 'firearms possession (as described in § 924(c)).'" *Abbott*, 131 S. Ct. at 30.

**AFFIRMED.**